Turley J.
delivered the opinion of the court.
The defendant was indicted in the circuit court of Montgomery county, for the offence of gaming. To the bill of indictment, he pleaded in abatement, that the bill was not found on the evidence of a witness duly sworn to testify before the grand jury, upon the indictment. On this plea there was issue, which was found against the defendant, and there was judgment accordingly; and the defendant appealed to this court.
It appeared, that the witnesses were sworn in open court,. by the clerk, and sent to the grand jury, before whom they were examined relative to the offence of gaming in the county ; and gave evidence against the defendant, together with many others, upon which this bill of indictment was prepared by the attorney general, and found by the grand jury.
It does not appear, that any subpoena had been issued for the witnesses.
We think this proof warranted Jhe verdict upon the plea. By the act of 1824, ch. 5, sec. 2, an inquisitorial power is given to "grand juries in cases of gaming; and they are authorized and empowered, and it is made their duty, where they have a well grounded belief that such offence has been committed, to apply for' subpoenas for witnesses, whom they may believe to have any knowledge of such offence, and such witnesses are required, when they appear before the grand jury, to give-evidence of any such offence or offences, as may be known to them.
Now, this proceeding is of necessity before an indictment *84 is preferred, and is resorted to for the purpose of obtaining information upon which it may be preferred. Then it can be no objection to the indictment, that the witnesses were examined before it was prepared.
It is true, that witnesses are not bound to attend before grand juries, for the purpose of giving evidence, without subpoena, but, if they do, the defendant cannot object thereto, because the testimony, when given under oath, is legal without as well as with a subpoena.
We, therefore, think, there is no error in the judgment, and affirm it.